**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

DANIEL RAEDE GUERIN,
Plaintiff,
v.
RURAL TELECOM EXPERTS, INC.; DIGITAL SOLUTIONS INC. d/b/a GDS TELECOM; 46 LABS, LLC d/b/a HYPERCUBE NETWORKS; LINGO TELECOM, LLC d/b/a EXCEL TELECOMMUNICATIONS; JOHN DOE CORPORATION d/b/a “EXECUTIVE LENDING UNIT”; and DOES 2–20,
Defendants.

No. 2:26-cv-04078-SKV

**PLAINTIFF’S SUPPLEMENT TO EX PARTE MOTION FOR LEAVE TO SERVE SUBPOENAS BEFORE THE RULE 26(f) CONFERENCE (DKT. 2)**

NOTE ON MOTION CALENDAR:
November 12, 2026

## I. PURPOSE OF THIS SUPPLEMENT

Plaintiff files this supplement to his Ex Parte Motion for Leave to Serve Subpoenas Before the Rule 26(f) Conference (Dkt. 2), which is noted for consideration on 12 November 2026, together with a revised proposed order. Since the motion was filed, Plaintiff has learned two things from records he did not have when he filed it. First, the toll-free records that the motion attributes to Defendant Lingo Telecom, LLC are held by Defendant 46 Labs,



Daniel Raede Guerin, pro se
500 Westover Dr #36486, Sanford, NC 27330
(360) 674-0698

LLC and its subsidiary Hypercube Networks, LLC. Second, public records show that Defendant Digital Solutions Inc. (“Digital Solutions”), the originating provider of the campaign, cannot be found at any address it has given, and that its registered agent, and the registered agent of Defendant Rural Telecom Experts, Inc. (“RTE”), belong to one small group of Colorado companies. The revised order redirects the toll-free requests to the company that holds the records, and adds five narrow subpoenas aimed at identifying the persons who control Digital Solutions and RTE. The facts below are set out in the Supplemental Declaration of Daniel Raede Guerin (“Supp. Decl.”), filed with this supplement.

## II. THE TOLL-FREE RECORDS ARE HELD BY 46 LABS

The First Amended Complaint alleges that at least 123 of the campaign’s callback numbers are administered by Lingo, under the name Excel Telecommunications and Responsible Organization (“RespOrg”) codes TUI02 and TUI05. Dkt. 1 ¶¶ 29, 38. On 29 October 2026 Lingo’s regulatory department wrote to Plaintiff that in August 2024 Lingo “sold our wholesale FGD network, Toll Free Services, and all RespOrgs (including the legacy Excel RespOrg TUI02 and TUI05) to 46 Labs, LLC”, and that “[m]ost of the toll-free numbers in question belong to Hypercube Network, LLC (46 Labs, LLC)”. Supp. Decl. ¶ 2 & Ex. 1. The national toll-free registry’s public lookup, as reproduced by Lingo, shows (855) 357-2202, the callback number given in nine of the messages to Plaintiff, as “currently reserved by Hypercube Networks, LLC”. *Id.* ¶ 3 & Ex. 1. Plaintiff has asked Lingo to confirm the sale under oath and has not yet received a declaration. *Id.* ¶ 4.

46 Labs is a Defendant and has been served. Dkts. 7, 8. The motion already asks leave to serve Rule 34 requests on 46 Labs. Dkt. 2 at § IV(c). The revised order makes two changes so that the requests reach the records that will name the customer behind the TUI02 and TUI05 numbers. Those records may no longer sit under TUI05. On 8 October 2026, three days after the Commission’s Final Determination Order against Digital Solutions, every one



Daniel Raede Guerin, pro se
500 Westover Dr #36486, Sanford, NC 27330
(360) 674-0698

of the 58 campaign callback numbers held under TUI05 was moved to a third code of the same RespOrg, TUI07. Supp. Decl. ¶ 11 & Ex. 5. It states that the requests to 46 Labs extend to records within its possession, custody or control, including records held by its subsidiaries Hypercube Networks, LLC and Impact Telecom. It also authorizes a Rule 45 subpoena to Hypercube Networks, LLC, and to any other affiliate of 46 Labs that holds or held RespOrg codes TUI02, TUI05 or TUI07, to the extent that any of them is a separate entity that is not a party. The requests to Lingo remain, limited to records that Lingo still holds.

## III. THE REGISTERED-AGENT CHAIN BEHIND DIGITAL SOLUTIONS AND RTE

Digital Solutions cannot be found. Its registered agent of record, First Tele Communications, Inc., was not at its registered address, 1401 17th Street, Denver. At Digital Solutions' own principal address, 1050 Curtis Street, Denver, a process server was told that none of the businesses named in the papers exists there and that Suite 1000 is now a community college art school. Supp. Decl. ¶ 6. The Federal Communications Commission recorded that its mail to Digital Solutions' address of record was returned as undeliverable. Dkt. 1 ¶ 41.

The Colorado Secretary of State's records show where the trail leads. Supp. Decl. ¶ 5 & Ex. 2. First Tele Communications, Inc.'s own registered agent is National Asset Management Inc, recorded at the same Suite 1000 at 1050 Curtis Street. National Asset Management Inc's registered agent is Nikoo Incorporated, of 5925 E. Evans Avenue, Suite 217, Denver. Nikoo Incorporated and Nikoo Products Inc, which both give Suite 217 as their principal address, each use National Asset Management Inc as their registered agent. The companies therefore serve as one another's agents.

RTE is tied to the same group. RTE's chief executive officer has declared under penalty of perjury, in *Marchetti v. 46 Labs, LLC*, No. 2:26-cv-05805 (E.D. Pa.), that RTE's registered agent of record with the Washington Secretary of State is Nikoo Products Inc. Supp. Decl. ¶ 7 & Ex. 3. Digital Solutions answered the Commission's Enforcement Bureau



Daniel Raede Guerin, pro se
500 Westover Dr #36486, Sanford, NC 27330
(360) 674-0698

from the email address DavidA@gdstelecom.net, and RTE's filings with the Washington Utilities and Transportation Commission give its chief information officer's email address as dave.a@rteedge.com. Supp. Decl. ¶ 8.

The two companies' internet accounts point the same way. The domain of RTE, rteedge.com, and the domain of EON Telecom Inc., a carrier that gives RTE's Bellingham office as its headquarters, are managed through GoDaddy, and both publish an email-authentication record containing the same GoDaddy account identifier. Supp. Decl. ¶ 9 & Ex. 4. Digital Solutions' domain, gdstelecom.net, was registered on 20 February 2025, the day Digital Solutions was incorporated, and is served through Cloudflare. *Id.*

These facts bear directly on the motion. The Doe Defendants include the persons and entities that "controlled any other Defendant". Dkt. 1 ¶ 12. The company that acts as registered agent for Digital Solutions and RTE knows who engaged it, who pays it and where it sends the papers it receives for them. GoDaddy and Cloudflare hold the account and billing records for the domains through which RTE and Digital Solutions conduct their business. Those records are reasonably likely to identify the persons who control Digital Solutions and RTE, and through them the customer whose traffic Digital Solutions originated, which is the purpose of the motion. *See Columbia Insurance Co. v. Seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999); *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

The additional requests are as narrow as the original ones. They seek only identifying, contact, billing and payment records from 1 January 2025, the year in which Digital Solutions was formed, to the date of the response. They do not seek the content of any communication. A provider may disclose subscriber records of that kind to a person other than a governmental entity. 18 U.S.C. § 2702(c)(6). Each recipient will remain free to move to quash or modify a subpoena under Rule 45(d)(3).

The mail server and domain registrar for gdstelecom.net are German companies,



Daniel Raede Guerin, pro se
500 Westover Dr #36486, Sanford, NC 27330
(360) 674-0698

Hetzner Online GmbH and 1API GmbH. Supp. Decl. ¶ 9. They are outside the Court's subpoena power, and Plaintiff seeks no order concerning them at this stage.

## IV. THE REVISED PROPOSED ORDER

The revised proposed order filed with this supplement keeps every provision of the original proposed order. It adds paragraph 2, concerning 46 Labs and Hypercube Networks, LLC, and paragraphs 5 and 6, concerning National Asset Management Inc, Nikoo Incorporated, Nikoo Products Inc, GoDaddy.com, LLC and Cloudflare, Inc. Plaintiff respectfully asks the Court to grant the motion and enter the revised order.

DATED this 6th day of November, 2026.

I certify that this memorandum contains 1,257 words, in compliance with the Local Civil Rules.

Daniel Raede Guerin, Plaintiff, pro se
500 Westover Dr #36486
Sanford, NC 27330
Telephone: (360) 674-0698
Email: danny@dannyraede.com