UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL RAEDE GUERIN,

Plaintiff,

v.

RURAL TELECOM EXPERTS INC, ET AL.,

Defendants.

Case No. C26-4078-SKV

ORDER DENYING LEAVE TO SERVE EARLY DISCOVERY

Before the court is Plaintiff's Ex Parte Motion for Leave to Serve Subpoenas Before the Rule 26(f) Conference, filed by *pro se* plaintiff Daniel Raede Guerin. Dkt. 2. Plaintiff seeks to propound expedited discovery on named defendants and non-parties, both identified and unidentified, with the aim of "identifying Defendant John Doe Corporation d/b/a 'Executive Lending Unit,'" a company he alleges is responsible for 196 prerecorded loan solicitations made to his cellular telephone. *Id.* at 1–2. No defendant has as yet appeared in this action, and the motion is therefore unopposed. For the reasons that follow, the motion is DENIED without prejudice.

## I. BACKGROUND

The Complaint in this matter alleges that "[b]etween 16 February 2026 and 21 October 2026, Plaintiff's personal cellular telephone . . . received at least 196 prerecorded or artificial-voice telephone calls, each of which left a voicemail message offering him a personal loan he had never asked for." *Id.* at 1 (alterations added) (the "Robocalls"). Plaintiff seeks redress for alleged violations of state and federal consumer protection laws, including the Telephone Consumer Protection Act, 47 U.S.C. § 227, the Washington Consumer Protection Act, Wash. Rev. Code §§ 19.86.020 & 19.86.090, and Washington state telecommunications laws, Wash. Rev. Code §§ 80.36.390–400.

Plaintiff brings claims against four named defendants (one of whom has since been dismissed, *see* Dkt. 11), one John Doe Corporation d/b/a "Executive Lending Unit", and nineteen additional Doe entities. Dkt. 1 at 3–5. Defendants are alleged to have facilitated the Robocalls through various means, including by initiating, originating, hosting, transmitting and/or routing the calls and supplying callback numbers used in voicemails. *Id.* The originating numbers of the Robocalls themselves are masked using various personas, including "Marissa Morgan," but provide numerous callback numbers that lead to "Executive Lending Unit." *Id.* at 2.

Plaintiff describes "Executive Lending Unit" as the fictitious identity masking "the company on whose behalf" the Robocalls were made. Dkt. 2 at 2. He seeks leave to serve subpoenas and document requests before the parties' Rule 26(f) conference to obtain information that could be helpful in identifying the entity or individual(s) behind Executive Lending Unit. Plaintiff asserts that similar discovery has been allowed elsewhere:

> In *Svoboda v. John Doe Corporation dba Executive Lending Unit*, No. 1:26-cv-03559 (N.D. Ill.), the court authorized expedited discovery against the same operation, identified there by the same "Marissa Morgan" persona. Hypercube Networks, the business that Defendant 46 Labs, LLC acquired in 2024, responded

> to a subpoena by identifying Defendants Rural Telecom Experts, Inc. ("RTE") and Digital Solutions Inc. ("Digital Solutions") as the carriers associated with the campaign's callback numbers, and stated that it held contracts, invoices and know-your-customer records for both. FAC ¶¶ 32–33. The trail stopped there because Digital Solutions did not respond to its own subpoena.

*Id.* at 3.

Plaintiff urges the Court to allow this early discovery to identify Executive Lending Unit so that it can be properly named as a defendant. He argues that "Executive Lending Unit is not a hypothetical. It is a business that leases toll-free numbers, pays carriers to deliver its calls, records scripts and staffs a call center whose agents answer to that name." Dkt. 2 at 4.

Plaintiff proposes a fairly open-ended discovery authorization under Federal Rules of Civil Procedure 34 and 45 for potentially large categories of responsive information, to be obtained from a number of entities, some of whom are not yet identified. Plaintiff proposes that the Court authorize him to serve subpoenas and requests for production to obtain:

> documents sufficient to identify, for each toll-free callback number listed in Exhibit A to the First Amended Complaint,[1] every customer to which the number was assigned or for which it was hosted or routed from 1 January 2026 to the date of the response, including the customer's name, addresses, telephone numbers, email addresses, contact persons, account and billing records sufficient to identify who paid for the service, know-your-customer records, contracts, and the destination, trunk or downstream provider to which calls to the number were routed.

Dkt. 2-2, ¶ 1 (Proposed Order). Requests for this information would be issued via Rule 45 subpoenas on "ATL Communications, and on any Responsible Organization,[2] carrier or other

---

[1] Plaintiff initiated this lawsuit on October 21, 2026, with a document styled "First Amended Complaint for Damages and Injunctive Relief." Dkt. 1. Exhibit A to the petition lists each of the 196 Robocalls, the Caller ID, and the callback number(s) provided in the resulting voicemail. *Id.* at 21–27.

[2] "Responsible Organization" is a term defined in the Complaint, Dkt. 1 at 11, but not in the motion for leave or proposed order. In future discovery requests, Plaintiff should take care to make the meaning of such terms reasonably clear on the face of the proposed discovery instrument itself.

entity that is not a Defendant and that assigned, hosted or routed any of the callback numbers," *id.*, and on any entity identified in the resulting discovery responses, *id.* ¶ 4; and via Rule 34 requests for production to "Defendants Rural Telecom Experts, Inc., Digital Solutions Inc., 46 Labs, LLC and Lingo Telecom, LLC," *id.* ¶ 3. Plaintiff further proposes that the Court authorize a Rule 45 Subpoena on his cellular service provider, "T-Mobile USA, Inc. for documents sufficient to identify, for each call listed in Exhibit A to the First Amended Complaint, the provider and trunk from which the call entered T-Mobile's network, together with any STIR/SHAKEN attestation level and origination identifier associated with the call." *Id.* ¶ 2.

## II. <u>DISCUSSION</u>

Rule 26(b)(1) of the Federal Rules of Civil Procedure authorizes discovery that is "proportional to the needs of the case." Local Civil Rule 26 (f) requires that "[t]o further the application of the proportionality standard in discovery, discovery requests and related responses should be reasonably targeted, clear, and as specific as possible." Rule 45 creates additional protections for discovery to non-parties, imposing a duty on both litigants and the court to protect non-parties from burdensome discovery:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

Fed. R. Civ. P. Rule 45.

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by . . . [the Federal Rules of Civil Procedure], by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). "In determining whether

to permit expedited discovery, courts in this jurisdiction require that the moving party demonstrate that 'good cause' exists to deviate from the standard pretrial schedule." *Amazon.com v. Pondit*, No. C24-1756-KKE, 2024 WL 5318718, at *1 (W.D. Wash. Dec. 26, 2024) (collecting cases). To determine whether good cause exists, "courts examine the diligence and intent of the moving party and whether the need for expedited discovery . . . outweighs the prejudice to the responding party." *Amazon.com, Inc. v. Does 1-20*, No. 2:24-CV-01083-TL, 2024 WL 4893384, at *1 (W.D. Wash. Nov. 26, 2024) (citing *Amazon.com, Inc. v. Dafang Haojiafu Hotpot Store*, No. 2:21-CV-00766-RSM, 2022 WL 2511742, at *1 (W.D. Wash. June 8, 2022)).

"Because the opposing party is not given the opportunity to respond to an ex parte motion, such motions trigger 'intense judicial scrutiny of a plaintiff's claims, the relief it seeks, and most importantly, its proffered justification for proceeding ex parte.' Such scrutiny is particularly important in cases such as this where the defendant is unaware that judicial proceedings have even been commenced against them." *Renaud v. Gillick*, CV6-1304RSL, 2006 WL 2841866, at *1 (W.D. Wash. Sept. 29, 2006) (internal citation omitted) (quoting *Adobe Systems, Inc. v. South Sun Products, Inc.,* 187 F.R.D. 636, 638 (S.D.Cal.1999)).

Here, Plaintiff has plainly been diligent in searching public records for relevant information, but Plaintiff has nonetheless not shown good cause to propound the proposed discovery. Plaintiff argues that the proposed discovery should be authorized as necessary to determine the true identity of the lynchpin John Doe defendant (d/b/a Executive Lending Unit). Dkt. 2 at 1–2. Although identifying an unknown defendant is a legitimate reason for early discovery, *see Amazon.com Inc. v. Vivcic*, C23-486-JHC-MLP, 2023 WL 6196861, at *2 (W.D. Wash. Sept. 22, 2023), the discovery requests Plaintiff contemplates are sufficiently complex and

wide-ranging that the Court is not able, without adversarial treatment, to determine the degree of potential prejudice to the responding parties. Thus, Plaintiff has not demonstrated "good cause" by showing that the need for discovery outweighs the prejudice it may cause.

The rulings in *Svoboda* do not support a different result. *Svoboda v. John Doe Corporation dba Executive Lending Unit*, Dkts. 6, 12 (N.D. Ill.). In *Svoboda*, the court approved early discovery in a similar matter, but the discovery requests at issue there were narrowly targeted at determining the identity of the John Doe defendant by issuing one subpoena at a time to specific phone service providers for a limited amount of information: a customer name and address associated with a particular telephone number. *Id.* Svoboda's first motion for expedited discovery sought "leave to subpoena Excel Telecommunications to determine the customer and customer address and responsible party for the phone number of (866) 398-3898 in order to determine the identity of Defendant." *Id.*, Dkt. 3 at 2. Svoboda's second discovery motion sought to issue similar subpoenas to two entities identified in response to the first subpoena. *Id.*, Dkt. 10 at 3–4. Targeted, clear, and specific requests such as these may be shown to be proportional to the needs of a plaintiff's case and not unduly burdensome to the respondent. *See Vivcic*, 2023 WL 6196861, at *2 (approving narrowly tailored early discovery requests but denying leave as to overbroad discovery).

Here, by contrast, Plaintiff seeks sweeping authorization to issue numerous subpoenas and discovery requests for a much broader set of information (customers' names and addresses as well as "telephone numbers, email addresses, contact persons, account and billing records . . . know-your-customer records, contracts, and the destination, trunk or downstream provider" associated with numerous telephone numbers). Dkt. 2. Accordingly, leave will be denied as to

the requests currently before the court, without prejudice to Plaintiff's ability to seek leave to conduct early discovery through more tailored means.

## III. CONCLUSION

Plaintiff's proposed early discovery is overbroad in light of the duties imposed by Federal Rules of Civil Procedure 26 and 45 to keep discovery proportional to the needs of the case and to minimize the burden on non-parties. Accordingly, Plaintiff's motion will be DENIED at this time without prejudice to his right to seek to proceed with targeted, clear, and specific early discovery in the more limited fashion exemplified by *Svoboda*.

Dated this 13th day of November, 2026.

S. KATE VAUGHAN
United States Magistrate Judge